UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEPHEN M. DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00418-SEB-KMB |
| | ) | |
| DENNIS REGAL, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Granting Motion to Dismiss**

Stephen M. Davis brought this 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging his sentence credit calculations pursuant to the sentencing order in Indiana criminal case 48C01-1911-F5-002878. Respondent has filed a motion to dismiss the petition for, among other things, failure to exhaust available state-court remedies. Mr. Davis did not file a substantive response, and the time to do so has passed. For the reasons below, the motion to dismiss is **GRANTED,** this action is **DISMISSED without prejudice**, and a certificate of appealability shall not issue.

**I.     Exhaustion Requirement**

"To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (citation and quotation marks omitted).  Thus,

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

1

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)
>
> > (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

## II. Discussion

Respondent moves to dismiss the § 2254 petition on alternative grounds, including failure to exhaust available state-court remedies.

Mr. Davis did not raise any issues regarding his sentence calculation on direct appeal. *See* dkt. 17-5 (appellant's brief). He did raise sentence calculation issues in a state habeas corpus petition, dkt. 17-6, but he did not appeal the denial of that petition.[1]

Mr. Davis has also filed a state post-conviction petition raising sentence-calculation issues.[2] That petition remains pending.

It is therefore clear that Mr. Davis has not exhausted one complete round of Indiana's ordinary appellate review process. Mr. Davis does not argue that such process is unavailable to litigate his claims. On the contrary, he is currently litigating them in a state post-conviction proceeding, and Mr. Davis is represented by counsel in that action.

Accordingly, Mr. Davis has failed to exhaust available state-court remedies, and Respondent's motion to dismiss, dkt. [17], is **GRANTED** on that basis. The petition for a writ of

---

[1] The Court takes judicial notice of the online docket in *Davis v. Reagle*, 48C01-2209-MI-438 (Madison County Cir. Ct. 1), available by search at https://public.courts.in.gov/mycase/.

[2] The Court takes judicial notice of the online docket in *Davis v. State*, 48C01-2303-PC-7 (Madison County Cir. Ct. 1), available by search at https://public.courts.in.gov/mycase/.

habeas corpus is **DISMISSED without prejudice**. Mr. Davis may renew his petition after completing the state appellate review process.

Mr. Davis's motion for a hearing on the merits of his petition, dkt. [32], is **DENIED**.

### III.     Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue for a claim decided on the merits, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 580 U.S. at 115 (citation and quotation marks omitted). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Jurists of reason would not disagree with this court's conclusion that Mr. Davis's claims are unexhausted. The court therefore **denies** a certificate of appealability.

3

## IV. Conclusion

Respondent's motion to dismiss, dkt. [17], is **GRANTED**. Mr. Davis's motion for hearing, dkt. [32], is **DENIED**.

This action is **DISMISSED without prejudice** for failure to exhaust available state-court remedies. No certificate of appealability shall issue. Final judgment shall now enter.

**IT IS SO ORDERED.**

Date: 1/23/2024

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

STEPHEN M. DAVIS
133272
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064